KEB

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joaquin Vasquez Jimenez,<br><br>Petitioner,<br><br>v.<br><br>Eric Rokosky, et al.,<br><br>Respondents. | No.   CV-26-01583-PHX-JCH (MTM)<br><br><br>**ORDER** |

On March 6, 2026, Petitioner, through counsel, filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.) The Court will dismiss the Petition and this action.

On February 12, 2026, Petitioner filed a § 2241 petition in this Court challenging his immigration detention. *Jimenez v. Rokowsky*, CV-26-01000-PHX-JCH (MTM). Petitioner asserted he was subject to 8 U.S.C. § 1226(a), which contemplates a bond hearing, not 8 U.S.C. § 1225(b)(2), which mandates detention. *Id.* In a February 13, 2026 Order in that case, the Court granted the Petition and ordered Respondents to provide Petitioner a bond redetermination hearing within seven days or release him from custody under the same conditions that existed before his detention. (*Id.*, Doc. 4.) On February 20, 2026, Respondents filed a Notice of Compliance indicating that Petitioner received a bond hearing on February 19, 2026. (*Id.*, Doc. 7.)

In the Petition in this case, Petitioner asserts he has not been released from custody because at the February 19, 2026 bond hearing, the Immigration Judge ("IJ") found that

1  Petitioner had failed to meet his burden and is "properly detained without bond" and issued
2  a denial. (Doc. 1 at 2.) Petitioner alleges that the IJ's February 19, 2026 bond
3  determination order "contains no factual findings, no individualized analysis, and no
4  articulated basis" to conclude that Petitioner is a flight risk, and it "fails to acknowledge
5  material evidence presented at the hearing." (*Id.* at 5-6.) Petitioner's subsequent appeal to
6  the Board of Immigration Appeals ("BIA") remains pending. (*Id.* at 17.)

7  Here, Petitioner contends his continued detention violates the Due Process Clause
8  of the Fifth Amendment because his bond hearing was not constitutionally adequate. He
9  seeks immediate release from custody, or in the alternative, a new bond hearing before a
10 different IJ.

11 The Court will dismiss this action because Petitioner has failed to exhaust his
12 administrative remedies, as his BIA appeal is currently pending. "The exhaustion
13 requirement is prudential, rather than jurisdictional, for habeas claims." *Hernandez v.*
14 *Sessions*, 872 F.3d 976 (9th Cir. 2017). Nonetheless, a court may require prudential
15 exhaustion if "(1) agency expertise makes agency consideration necessary to generate a
16 proper record and reach a proper decision; (2) relaxation of the requirement would
17 encourage the deliberate bypass of the administrative scheme; or (3) administrative review
18 is likely to allow the agency to correct its own mistakes and to preclude the need for judicial
19 review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). When "a petitioner fails to
20 exhaust prudentially required administrative remedies," the Court "ordinarily should either
21 dismiss the petition without prejudice or stay the proceedings until the petitioner has
22 exhausted remedies." *Hernandez*, 872 F.3d at 987 (citation omitted). However, the Court
23 may waive the prudential exhaustion requirement notwithstanding the *Puga* factors if
24 "administrative remedies are inadequate or not efficacious, pursuit of administrative
25 remedies would be a futile gesture, irreparable injury will result, or the administrative
26 proceedings would be void." *Id.* (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir.
27 2004)).

28

The Court finds that the *Puga* factors weigh in favor of prudential exhaustion here. The BIA's review will help to generate a proper record and reach a proper decision, not bypass the administrative scheme, and may correct the agency's mistakes, if any, alleviating the need for judicial review by this Court. The Court also finds that the Petition and limited record fail to sufficiently show that Petitioner's administrative proceedings would be void; administrative remedies would be futile, inadequate, or not efficacious; or irreparable injury would result in the absence of waiver. As such, the Court declines to waive the prudential exhaustion requirement and will dismiss the Petition and this case.

Accordingly,

**IT IS ORDERED:**

(1) Petitioner's Petition Under 28 U.S.C. § 2241 (Doc. 1) and this case are **dismissed without prejudice**.

(2) The Clerk of Court must enter judgment accordingly and close this case.

Dated this 12th day of March, 2026.

_____
John C. Hinderaker
United States District Judge